[No. 3842.]

O'MAHONEY, AS SHERIFF, v. THE PEOPLE EX REL. STONE.

REDEMPTION FROM EXECUTION SALE—INTEREST.

That part of sec. 1852, Gen. Stats. 1883 (Mills' Ann. Stats. sec. 2548), which fixes the rate of interest to be paid by judgment creditors redeeming lands from execution sale, at ten per cent per annum from the date of sale upon the amount the land sold for, was not repealed by the amendment to the general interest law changing the legal rate of interest from ten to eight per cent per annum. In order for a judgment creditor to redeem real estate from an execution sale he must pay the amount for which it sold, together with interest from date of sale at ten per cent per annum.

*Appeal from the District Court of Lake County.*

THIS is an application for a writ of mandamus to compel the appellant, Thomas F. O'Mahoney, as sheriff of Lake county, to execute a sheriff's deed to appellee Stone, to certain mining claims, in pursuance of an execution sale. A demurrer was sustained to the answer of appellant to the alternative writ, and judgment awarding a peremptory writ was rendered. From this judgment O'Mahoney prosecutes this appeal. The material facts are stated in the opinion.

Mr. J. E. HAVENS, for appellant.

Mr. A. W. STONE *pro se* and Mr. N. ROLLINS, of counsel, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

On February 10, 1896, Ambrose M. Thomas, in a certain action in the district court of Lake county, recovered a judgment for the sum of $2,787 and costs, against the Fall River Mining & Milling Company. An execution was issued upon this judgment and levied upon certain mining claims, the property of defendant company. On May 18, 1896, the property was sold, and bid in by Thomas for the sum of $2,962, the amount of his judgment and costs, and a certificate of purchase duly issued to him by the sheriff.

On June 1, 1896, Thomas, for value, assigned the certificate to relator Stone, who is still the legal owner and holder thereof.

On February 15, 1897, A. F. Weston recovered a judgment against the company for the sum of $505 and costs. An execution was issued on this judgment, and placed in the hands of appellant; and on February 16, 1897, Weston paid to him the amount of money for which the property was sold to Thomas, with interest at eight per cent per annum.

On February 20, 1897, the appellee presented to appellant the certificate of purchase issued in pursuance of the sale on the Thomas judgment; also a sheriff's deed, duly prepared, together with his lawful fees, and demanded an execution of the deed; which demand appellant refused to comply with, upon the ground that the property had been redeemed from such sale; and then and there offered to turn over to appellee the amount paid by Weston, which appellee declined to accept because that sum was insufficient to work a redemption under our statute.

This controversy presents but one question, and that is as to the rate of interest creditors, under the present legislation in this state, are required to pay upon the amount of money for which the premises have been sold at a prior execution sale, in order to redeem the property from such sale. Section 1852, Gen. Stats. 1883 (Mills' Ann. Stats. sec. 2548), which specially provides for the redemption of real property from execution sales, enacts that:

"Said judgment creditor shall pay * * * the amount of money for which said premises shall have been sold, with ten per cent per annum interest thereon from the date of such sale."

By amendment to the general interest law in 1889 the legal rate of interest in this state was changed from ten to eight per cent per annum; and by section 2 of that act, being section 2252 Mills' Ann. Stats. it is provided that:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due; * * * or on any judgment * * * from the day of entering up said judgment until satisfaction thereof be made."

It is contended by counsel for appellant that this amendment repeals so much of section 1852 as provides the rate of interest which shall be paid upon the amount of money for which the premises are sold; and consequently, that the redemptioner is now required to pay but eight per cent on such sum. We think this claim is untenable. The law does not favor repeals by implication; and unless the legislative intent to substitute the new for the old law clearly appears, such a result does not follow; and this is especially so "where the repeal of a prior *special* act is claimed to result from the subsequent passage of a *general* law." *Schwenke v. Union Depot & R. R. Co.*, 7 Colo. 512.

It will be seen that the subjects upon which interest is allowed in the two statutes above referred to are entirely different. The general statute upon the subject of interest enumerates certain cases in which interest is recoverable; among them, judgments remaining unsatisfied; while section 1852 provides a right of redemption conditioned upon the payment, within a certain time, of the amount of money for which the property sold, with interest at ten per cent per annum. And the rate of interest collectible in these distinct cases has always been regulated in this state by separate statutes. In amending the general interest law in 1889 the legislature manifests no intention to disturb this

mode of regulating the rate of interest on these respective subjects. It re-enacts, in the language of the original statute, that interest shall be allowed on judgments from the date of entry "until satisfaction thereof shall be made;" and changes only the rate of the interest allowed in such case. We are unable to perceive how this amendment in any way modifies or repeals any of the provisions of section 1852. This statute then, being in force, controls the rights of the parties in this case. It was therefore, necessary, in order to work a redemption from the execution sale under the Thomas judgment, to pay the amount for which the property sold, together with ten per cent interest. The amount received by the sheriff was inadequate, and the attempt to redeem the property in question was unavailing. The judgment of the court below awarding a peremptory writ is therefore affirmed.

*Affirmed.*